UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON H. KONIPOLAS, as Trustee of Wolverine Mortgage Partner Retirement, ET AL., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>VS. )<br>)<br>TXS UNITED HOUSING PROGRAM, INC., )<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>3:17-CV-0042-G |

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiffs' motion to remand this case to the state court from which it was previously removed (docket entry 9). For the reasons stated below, the motion is granted.

I. BACKGROUND

The plaintiffs, Don H. Konipolas ("Konipolas") and Carol A. Rogers, commenced two forcible detainer actions to evict the defendant, TXS United Housing Program, Inc. ("TXS"), from the plaintiffs' properties. First Notice of Removal ("First Notice of Removal") at 1 (docket entry 1); Second Notice of

Removal ("Second Notice of Removal") at 1 (docket entry 5).  The plaintiffs commenced the first action on November 7, 2016, in the Dallas County Justice of the Peace Court, Precinct 5, seeking possession of the property located at 4718 Mexicana Road, Dallas, Texas  75212.  Plaintiffs' First Petition for Forcible Detainer at 1-2 (docket entry 1-3).  The plaintiffs commenced the second action on December 21, 2016, in the Dallas County Justice of the Peace Court, Precinct 1, seeking possession of the property located at 6539 Treetop Lane, Dallas, Texas 75241.  *See* Plaintiffs' Second Petition for Forcible Detainer at 1-2 (docket entry 5-10).

The first action was appealed to the Dallas County Court of Law No. 4.  First Notice of Removal at 1.  The second action was appealed to the Dallas County Court of Law No. 2.  Second Notice of Removal at 1.  On January 5, 2017, TXS removed the first action to federal court based on diversity jurisdiction.  First Notice of Removal at 2.  On January 18, 2017, TXS removed the second action to federal court based on diversity jurisdiction.  Second Notice of Removal at 2.  The plaintiffs filed this motion to remand on January 31, 2017, alleging that complete diversity does not exist between the parties.  Plaintiffs' Motion to Remand ("Motion") at 3-4 (docket entry 9).  TXS filed a response on February 21, 2017.  Defendant's Response to Plaintiffs' Motion to Remand ("Response") (docket entry 12).  The motion is now ripe for decision.

## II. ANALYSIS

### A. Legal Standard

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendant, TXS, has alleged only diversity of citizenship as the basis for this court's

jurisdiction. *See* First Notice of Removal at 2; Second Notice of Removal at 2. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

### B. Application

Here, there is not complete diversity between the parties because Konipolas is a citizen of Texas and TXS is also a citizen of Texas. *See* 28 U.S.C. § 1332(a); Motion at 3-4, Appendix at 23-26. Moreover, as a Texas citizen, TXS is a citizen of the state in which the case is brought. *See* 28 U.S.C. § 1441(b); Motion at 4-5. Thus, this court does not have diversity jurisdiction and removal is improper.

In its response, TXS contends that removal is also proper on the basis of federal question jurisdiction. Response at 2. Specifically, TXS contends that it asserted a counterclaim arising under federal law. *Id.* at 1-2. However, the court has original or removal jurisdiction only if a federal question is raised on the face of the plaintiffs' well-pleaded complaint; "[i]t is not sufficient for the federal question to be raised in the answer or in the petition for removal." *Stump v. Potts*, 322 Fed. App'x

379, 380 (5th Cir. 2009). Therefore, the court lacks subject matter jurisdiction over this case.

### C. Attorney's Fees and Costs

The plaintiffs seek attorney's fees and costs incurred by having to oppose TXS's removal. *See* Motion at 6-8. Federal law provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Fifth Circuit has stated that "[t]he application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In other words, in determining whether to grant the plaintiffs' request for attorney's fees, the court must determine "whether the defendant had *objectively reasonable* grounds to believe the removal was legally proper." See *id.* (emphasis added). The court concludes that TXS did not have "objectively reasonable grounds to believe" that its removal was legally valid. Therefore, the court grants the plaintiffs' request for attorney's fees.

### III.  CONCLUSION

For the reasons stated above, the plaintiffs' motion to remand is **GRANTED**. The first action is **REMANDED** to the **Dallas County Court of Law No. 4**. The second action is **REMANDED** to the **Dallas County Court of Law No. 2**.

Moreover, the plaintiffs are entitled to recover from TXS all just costs and any actual expenses, including attorney's fees, incurred by the plaintiffs as a result of the removal of this action. The clerk shall mail a certified copy of this order to the County Clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

 **SO ORDERED**.

February 23, 2017.

                _/s/ A. Joe Fish_
                **A. JOE FISH**
                **Senior United States District Judge**