UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DON H. KONIPOLAS, as Trustee of Wolverine Mortgage Partner Retirement, ET AL., <br><br>　　　　Plaintiffs, <br><br>VS. <br><br>TXS UNITED HOUSING PROGRAM, INC., <br><br>　　　　Defendant. | CIVIL ACTION NO. <br><br>3:17-CV-0042-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiffs' motion for attorney's fees and costs (docket entry 15). For the reasons stated below, the plaintiffs' motion is granted in part and denied in part. The plaintiffs are entitled to recover $12,576.55 in attorney's fees and costs.

### I. BACKGROUND

The plaintiffs commenced these forcible detainer actions in a Texas state court to recover possession of properties located on Treetop Lane ("Treetop Property") and

Mexicana Road ("Mexicana Property") in Dallas, Texas. Plaintiffs' Motion for Attorney's Fees ("Motion") (docket entry 15). The defendant subsequently removed the actions to this court. First Notice of Removal (docket entry 1); Second Notice of Removal (docket entry 5). This court remanded the actions to the state court on February 23, 2017. Memorandum Opinion and Order Remanding Case to State Court (docket entry 14). Pursuant to the court's memorandum opinion and order, the plaintiffs are entitled to attorney's fees and costs incurred as a result of the defendant's removal. *Id.* at 6 ("[P]laintiffs are entitled to recover from TXS all just costs and any actual expenses, including attorney's fees, incurred by the plaintiffs as a result of the removal of this action.") (citing 28 U.S.C. § 1447(c)).

Consequently, the plaintiffs timely filed the instant motion under FED. R. CIV. P. 54(d)(2). *See* Motion at 2. The plaintiffs seek attorney's fees and actual expenses in the amount of $17,544.65. *Id.* Their motion includes a declaration from the attorney on this case, Martin J. Lehman ("Lehman"), and invoices with charges from Lehman and his legal assistants, Shelia Shafer ("Shafer") and Lori Fitzgerald ("Fitzgerald"). *See generally* Appendix in Support of Plaintiffs' Motion for Expenses Including Attorney's Fees ("Appendix") (docket entry 15-1). The defendant did not file a response. The motion is now ripe for decision.

II.  ANALYSIS

A.  Legal Standard

The Fifth Circuit employs a two-step process to calculate attorney's fees. *Smith v. Acevedo*, 478 Fed. App'x 116, 124 (5th Cir. 2012).  The first step is determining the lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Id.*  The court should exclude work that is excessive, duplicative, or inadequately documented.  *Id.*  Then, the court may adjust the lodestar based on twelve factors announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1]  Many of these factors are usually subsumed in the initial lodestar calculation.  *Jason D.W. by Douglas W. v. Houston Independent School District*, 158 F.3d 205, 209 (5th Cir. 1998).  "The court must provide a reasonably specific explanation for all aspects of a fee determination."  *Smith*, 478 Fed. App'x at

---

[1] The twelve *Johnson* factors are:  (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the customary fee in the community for similar work; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717-19.

124 (quoting *Jimenez v. Wood County, Texas*, 621 F.3d 372, 380 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)).

B. Application

1. *Reasonable Hourly Rate*

The party seeking attorney's fees has the burden of showing "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir.), *cert. denied*, 537 U.S. 883 (2002). However, a court may also rely on its own expertise in deciding the reasonableness of an hourly rate. *Gromer v. Mack*, No. 3:11-CV-0682-D, 2012 WL 28835, at *2 (N.D. Tex. Jan. 4, 2012) (Fitzwater, Chief J.) (citing *Primrose Operating Company v. National American Insurance Company*, 382 F.3d 546, 562 (5th Cir. 2004)).

Here, Lehman has been licensed to practice in Texas since 1982. Appendix at 2. Lehman's hourly rate is $425.00 per hour and his legal assistants, Shafer and Fitzgerald, bill at a rate of $95.00 per hour. *Id.* at 3-4. In his declaration, Lehman states that "[b]ased on my experience, in my opinion, my hourly rate and the hourly rate of our legal assistants are reasonable." *Id.* at 4. However, Lehman's declaration lacks information about the hourly rate for attorneys with similar experience and

does not include affidavits or declarations from other attorneys regarding reasonable rates in Dallas, Texas.

The court, relying on its expertise, concludes that the rates of Lehman, Shafer, and Fitzgerald are reasonable. Other attorneys with over thirty years of experience and their legal assistants have charged similar rates on similar matters in Dallas. See *Task Force Logistics International, Ltd. v. Teasley Partners, Ltd.*, No. 3:14-CV-2101-L, 2014 WL 6673482, at *2-3 (N.D. Tex. Nov. 25, 2014) (Lindsay, J.) (discussing hourly rates for an experienced bankruptcy attorney and his legal assistant in Dallas). Moreover, the court's conclusion is further supported because the defendant did not object to it. See *Baulch v. Johns*, 70 F.3d 813, 818 n.8 (5th Cir. 1995). Accordingly, the hourly rates for Lehman, Shafer, and Fitzgerald are deemed reasonable.

2. *Reasonable Number of Hours*

The party seeking attorney's fees has the burden of showing the reasonableness of the total number of hours and whether the hours were reasonably expended. *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 528 (5th Cir. 2001); *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). Courts also look to whether the attorney exercised sound billing judgment. *Walker v. U.S. Department of Housing & Urban Development*, 99 F.3d 761, 769 (5th Cir. 1996). Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Id.* The party seeking

fees should submit documentation of the number of hours charged as well as the number of hours written off.  *Securities and Exchange Commission v. AmeriFirst Funding, Inc.*, No. CIV.A. 3:07-CV-1188-D, 2008 WL 2185193, at *2 (N.D. Tex. May 27, 2008) (Fitzwater, Chief J.).

Here, Lehman, Shafer, and Fitzgerald billed totals of 43, 1.7, and .2 hours respectively.[2]  Appendix at 3-6.  They worked on the motion to remand, the motion to dismiss, the joint status report, and the certificate of interested persons.  See *id.* at 11-23.  Lehman, Shafer, and Fitzgerald provided a "courtesy discount" of $1,125.95 -- writing off approximately 2.62 hours of Lehman's work and .13 hours of work performed by Shafer or Fitzgerald.[3]  *Id.* at 4-6.  The court concludes that the time expended on the motion to remand, the status report, and the certificate of interested persons is reasonable.  However, as to the motion to dismiss, under section 1447(c), the court may only award "fees and costs incurred in federal court that would not have been incurred had the case remained in state court."  *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977 (1997).

---

[2] For the Mexicana Property, Lehman expended a total of 22.5 hours and Shafer billed for 1 hour.  *Id.* at 4-5.  For the Treetop Property, Lehman expended a total of 20.5 hours and Shafer and Fitzgerald expended a total of .7 and .2 hours respectively.  *Id.* at 5-6.

[3] Lehman offered a courtesy discount of $1,113.50 for his own billing hours and $12.35 for the work of Shafer and Fitzgerald.  *See* Appendix at 4-6.

Upon a close review of the record, the court concludes that the plaintiffs are not entitled to attorney's fees for the hours spent working on the motion to dismiss. On January 18, 2017, the defendant filed an answer and a counterclaim. Defendant's Answer and Counterclaim (docket entry 6). In response, the plaintiffs filed a motion to dismiss under FED. R. CIV. P. 12(b)(1) and 12(b)(6) as well as a motion to require the defendant to amend its answer under Rule 8(b). Plaintiffs' Motion to Dismiss the Defendant's Counterclaim ("Motion to Dismiss") (docket entry 10). In his declaration, Lehman contends that "expenses for this work would not have been incurred if the evictions had remained in state court." *See* Appendix at 7. However, Lehman submits no authority for the proposition that the plaintiffs would not have needed to file a response to the defendant's counterclaim -- even if improper -- in state court.

Moreover, the crux of the plaintiffs' motion to dismiss would have been the same had the case remained in state court. See *Western Healthcare, LLC v. National Fire & Marine Insurance Company*, No. 3:16-CV-0565-L, 2016 WL 7735761, at *6 (N.D. Tex. Dec. 28, 2016) (Horan, M.J.) ("[E]ven though the briefs will have to be modified, this should not require a significant amount of time given that the claims and defenses are identical in state and federal court."), *report and recommendation adopted*, No. 3:16-CV-0565-L, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). The plaintiffs' motion to dismiss recites the same jurisdictional defects raised in the

motion to remand, *compare* Motion to Dismiss at 2-3 *with* Plaintiffs' Motion to Remand at 3-6 (docket entry 9), and argues that the Texas Rules of Civil Procedure prohibit counterclaims in forcible detainer actions. Motion to Dismiss at 3-4 (citing TEX. R. CIV. P. 510.3(e)). The plaintiffs presumably would have raised Rule 510.3(e) had the defendant filed the counterclaim in state court. See *Wermelinger v. Connecticut General Life Insurance Company*, No. CIV.A. 3:97-CV-1100-D, 1998 WL 401607, at *3 (N.D. Tex. July 15, 1998) (Fitzwater, J.) ("[T]he work is not related to removal, could have arisen in state court, and is useable in state court."); see also *Western Healthcare, LLC*, 2016 WL 7735761, at *6-7 (declining to award fees when the need to perform similar work would have arisen without the removal).

The same conclusion holds true even if the state court would have dismissed the defendant's counterclaim outright -- without the need to file a response. Given their likelihood of prevailing on the motion to remand, the plaintiffs could have minimized their expenses in federal court. As the court noted in *Western Healthcare, LLC*, "[the] Plaintiff[s] did not move to stay briefing on any motions to dismiss pending the Court's decision on [the] motion to remand." *Western Healthcare, LLC*, 2016 WL 7735761, at *6. Thus, the hours spent working on the motion to dismiss are omitted from the lodestar calculation.[4]

---

[4] The court notes that the number of hours expended on the motion to dismiss should be reduced on another independent ground. There are a total of three cases, three procedural rules, and two statutes cited in the plaintiffs' motion to

As to the motions to dismiss for the Mexicana[5] and Treetop[6] Properties, Lehman and Shafer worked for a total of 11.6 hours and .4 hours respectively.[7] *See* Appendix at 11-24. Therefore, the number of billable hours for Lehman is reduced from 43 by 11.6 to 31.4 and the number of hours for Shafer and Fitzgerald is reduced from 1.9 to 1.5.

---

dismiss. See *Wermelinger*, 1998 WL 401607, at *4 (looking to the complexity of the motion in determining whether the number of hours is reasonable). Short motions such as this should not require such a large amount of time. For this reason, the 11.6 hours spent on the motion to dismiss is unreasonable and should have been written off in an exercise of billing judgment.

[5] Lehman worked on the motion to dismiss regarding the Mexicana Property as follows: .7 hours on January 19, 2017, *see* Appendix at 12; .2 hours on February 1, 2017, see *id.* at 15; 2.40 hours on February 7, 2017, see *id.*; 1.8 hours on February 8, 2017, see *id.*; .2 hours on February 13, 2017, see *id.* at 16; and .5 hours on February 20, 2017, see *id.* Thus, Lehman spent a total of 5.8 hours working on the motion to dismiss regarding the Mexicana Property. Shafer also worked for a total of .2 hours on the motion to dismiss regarding the Mexicana Property. *Id.* at 16.

[6] Lehman worked on the motion to dismiss regarding the Treetop Property as follows: .7 hours on January 19, 2017, *see* Appendix at 19; .2 hours on February 1, 2017, see *id.* at 22; 2.40 hours on February 7, 2017, see *id.*; 1.8 hours on February 8, 2017, see *id.* at 22; .2 hours on February 13, 2017, see *id.* at 23; and .5 hours on February 20, 2017, see *id.* Thus, Lehman spent a total of 5.8 hours working on the motion to dismiss regarding the Treetop Property. Shafer also worked for a total of .2 hours on the motion to dismiss regarding the Treetop Property. *Id.*

[7] The court also notes that on January 19, 2017, February 1, 2017, February 13, 2017, and February 20, 2017, Lehman's billing entries included work on both the motion to dismiss and the motion to remand or joint status report. *See* Appendix at 11-23. Because the court cannot determine the amount of time spent on each task, these entries are counted entirely towards the motion to dismiss. See *Gromer*, 2012 WL 28835, at *3 (declining to award fees for billing entries that contained time spent on two separate matters).

3. *Fee Calculation*

The lodestar is 31.4 hours performed by Lehman and 1.5 hours performed by Shafer and Fitzgerald multiplied by rates of $425 per hour and $95 per hour for a total of $13,487.50. $215 in costs, *see* Appendix at 7, increases the total to $13,702.50. Deducted from this amount is the "courtesy discount" of $1,125.95, bringing the final figure to $12,576.55. The court concludes that this figure adequately incorporates the factors listed in *Johnson*; therefore, no additional adjustment is necessary.

## III. CONCLUSION

For the reasons stated above, the plaintiffs' motion is **GRANTED** in part and **DENIED** in part. The plaintiffs are entitled to recover $12,576.55 in attorney's fees and costs from the defendant.

**SO ORDERED**.

May 3, 2017.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**